UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CMR CONSTRUCTION & ROOFING,
LLC, a/a/o Yvonne Socha,

    Plaintiff,

v.                                          Case No: 2:20-cv-695-JLB-NPM

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

    Defendant.

## **ORDER**

This is a Hurricane Irma insurance coverage dispute brought by Plaintiff CMR Construction & Roofing, LLC ("CMR"), as assignee of the policyholder, Yvonne Socha, against Defendant Hartford Insurance Company of the Midwest ("Hartford"), the issuer of the policy. Hartford removed this action from state court by notice of removal filed on September 8, 2020. Presently before the Court is CMR's Motion to Remand. (Doc. 7.) For the reasons that follow, CMR's Motion to Remand is **GRANTED IN PART**.

### BACKGROUND

CMR filed its original complaint in state court on July 22, 2019 and served Hartford with that complaint on August 20, 2019. (Doc. 1-1; Doc. 1-4 at 32.) Neither the amount in controversy nor CMR's citizenship for purposes of diversity jurisdiction were readily apparent from the face of the complaint. On September 9, 2019, Hartford served CMR with its first set of four interrogatories. The first three

interrogatories sought information about the amount in controversy, and the fourth sought the "identi[ty] [of] all of the former and current members of CMR CONSTRUCTION," including "each member's current primary residential address." (Doc. 1-5 at 7.)

CMR did not timely respond to Hartford's interrogatories but later sought an extension of time after Hartford conferred with CMR over its lack of response. (Doc. 8 at 2.) That motion was never ruled on, and Hartford moved to compel CMR's responses on March 17, 2020. (Id. at 3.) Ten days after the motion to compel, CMR answered the first three of Hartford's interrogatories[1] but objected to the fourth, claiming that CMR's request for the identity of its members was "not reasonably calculated to lead to the discovery of admissible evidence as it seeks documentation not relating to the representation in this claim." (Doc. 1-9 at 3.)

Hartford immediately sent CMR a letter contesting the sufficiency of its interrogatory responses. Hartford noted that the responses were unverified. Hartford, citing Florida law, argued that it is improper for a party to respond to an interrogatory regarding the amount of damages with documents alone. (Doc. 1-10 at 2–3.) Hartford also explained that the fourth interrogatory was relevant because CMR's LLC members would "likely have information concerning the subject loss and instant action and [would] also likely lead HARTFORD to the identities of other witnesses with knowledge of the subject loss and the instant action." (Id. at 3.)

---

[1] CMR provided estimates and invoices of the work that needed to be done to repair the damage allegedly covered by the insurance policy. The estimated damages totaled around $108,674.24.

2

When CMR did not amend its answer, Hartford filed a second motion to compel on April 10, 2020.  (Doc. 8 at 4.)  On April 24, 2020, Hartford conferred with CMR over scheduling a hearing on the motion to compel, and CMR withdrew its answers to the interrogatories.  (Id. at 4; see also Doc. 1-13 at 1.)

CMR served Hartford with an amended response to the interrogatories on June 3, 2020.  (Doc. 1 at ¶ 15.)  The unverified response confirmed that CMR sought $116,674.24 in damages and contained a revised objection over the identity of CMR's member, stating the interrogatory was "overbroad and partially seeks irrelevant documentation not reasonably calculated to lead to the discovery of admissible evidence in relation to the allegations in the Complaint or the Defendant's affirmative defenses."  (Doc. 1-14 (emphasis added).)  Additionally, CMR asserted that the interrogatory sought "protected trade-secret and financial information" and was "only intended to harass and unduly burden Plaintiff."  (Id.)

Between June 3 and July 16, 2020, Hartford conferred with CMR over its objections and, to the extent Hartford felt the fourth interrogatory was overbroad, offered to "accept the identities of those members of [CMR] since the date of loss." (Doc 1-16 at 3.)  But the parties could not reach an agreement, and Hartford set a hearing on its second motion to compel for July 16.  CMR contends that "[a]t this hearing, [Hartford] for the first time represented to [CMR] that the current members of [CMR] was crucial to them for purposes of removing the case to Federal Court." (Doc. 7 at ¶ 27.)  CMR's counsel contends that prior to that time, her understanding was "that a state court case can [only] be removed within 30 days

3

from the date a complaint was served." (Id. at ¶ 28.) The state magistrate judge was also unclear of the legal requirements for removal after the initial 30 days, and therefore "held her ruling to determine whether [Hartford's] request [was] relevant to remove the case to Federal Court." (Id.)

The state magistrate judge issued a report and recommendation on July 28, 2020. (Doc. 1-18.) In the report, the magistrate judge found that the fourth interrogatory was overbroad insofar as it requested identification of LLC members in the time period prior to the insurance claim at issue. As to the remainder of the information sought by the interrogatory, the magistrate judge found that it was "reasonably calculated to lead to the discovery of admissible evidence," and that "[n]o evidence of undue burden or expense was presented by [CMR] to support such objection, and same should be overruled." (Id. at ¶ 7.) The magistrate judge also noted CMR's assertion "that removal is no longer relevant because the time period for [Hartford] to remove this case to federal court has expired," but stated that "this does not change the Court's finding that the requested information, as narrowed, was relevant <u>at the time the interrogatory was propounded</u> and at the time the Motion was filed." (Id. at ¶ 11 (emphasis added).) Additionally, the magistrate judge noted that "to the extent the relevant statute contains an exception to the one-year filing deadline, whether such exception applies is better left to the federal court to decide, if necessary." (Id.) The magistrate judge therefore recommended that CMR be compelled to provide a response to the fourth interrogatory "as narrowed, within five (5) days of entry of an order adopting this Report and

4

Recommendation." (Id. at 3.) The state circuit court judge adopted the report and recommendation in full on August 11, 2020 (Doc. 1-19 at 1), making CMR's compelled response to the fourth interrogatory due on either August 16 or 17, 2020 (Doc. 1-20).

But CMR nonetheless missed that deadline. It was not until August 31, 2020 that CMR confirmed that Steven Soule was the only member of CMR, which confirmed that CMR was a citizen of Texas and the parties were completely diverse for removal purposes. (Doc. 8 at ¶ 25; Doc. 1-21 at 2.) Hartford claims that this was when it first learned the matter was removable. (Doc. 8 at 6.) Thus, Hartford filed its notice of removal on September 8, 2020—approximately fourteen months after the original complaint was filed in Florida state court.

## LEGAL STANDARD

Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Removal jurisdiction is coextensive with original jurisdiction. 28 U.S.C. § 1441(a). "[A] removing defendant bears the burden of proving federal jurisdiction." Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007). Because "removal jurisdiction raises significant federalism concerns," any doubt as to whether removal was proper "should be resolved in favor of remand to state court. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (applying the "any doubts" standard to jurisdictional issues under remand statute).

5

Under 28 U.S.C. § 1446(b), the notice of removal "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading," or, "if the case stated by the initial pleading is not removable, . . . within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In any event, however, a party may not remove a case under diversity jurisdiction based on an amended pleading, motion, order, or other paper "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent [removal]." Id. § 1446(c)(1).

As with removal jurisdiction generally, the removing party bear the burden of establishing bad faith. See McAdam Properties, LLC v. Dunkin' Donuts Franchising, LLC, 290 F. Supp. 3d 1279, 1286 (N.D. Ala. 2018). The Eleventh Circuit recently suggested that the bad-faith exception "applies only where a defendant can demonstrate '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" Hajdasz v. Magic Burgers, LLC, 805 F. App'x 884, 890 (11th Cir. 2020) (indirectly quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).[2]

---

[2] Hajdasz did not directly decide the question of bad faith; the only question before the Eleventh Circuit in that case was the propriety of sanctions for improper removal under Rule 11. 805 F. App'x at 890. Nevertheless, the opinion favorably referred to the standard quoted above to support its finding that the district court did not abuse its discretion in awarding sanctions.

6

## DISCUSSION

I.  **Hartford's Bad Faith Argument**

In its notice of removal, Hartford alleges that its removal was timely under section 1446(b)(3) because (1) it removed the case within 30 days of receiving an "other paper," i.e., CMR's response to the fourth interrogatory, disclosing the existence of federal jurisdiction, and (2) the one-year time limitation in section 1446(c)(1) does not apply because CMR acted in bad faith in waiting until August 31, 2020 to disclose the identity and address of its sole LLC member. (Doc. 1 at ¶ 36.)

CMR's motion to remand does not mention the "bad faith" exception to the one-year removal deadline, let alone address the arguments made by Hartford in the notice of removal regarding CMR's bad faith. Instead, CMR cites to the "30-day from date of service" rule in section 1446(b)(1) to argue that the deadline for removal was September 15, 2019. (Doc. 7 at 7). Of course, the text of that provision applies only where the existence of diversity jurisdiction is apparent on the face of the state court complaint. Nevertheless, because Hartford has the burden of proving that its removal was proper, and because CMR has challenged that removal (albeit without proper legal argument or citation to authority), the Court will address the bad faith issue below.

To satisfy its burden, Hartford has presented evidence from the state court record, and email correspondence between the parties while the case was pending in state court, to show that CMR acted in bad faith by refusing to respond to

7

Hartford's discovery requests seeking information about the amount of damages CMR sought and the identity of CMR's LLC members. After carefully examining this evidence, the Court finds that CMR's conduct—while certainly not commendable—does not rise to the level of bad faith. At most, it constitutes negligence. See Hill v. Allianz Life Ins. Co. of N. Am., 51 F. Supp. 3d 1277, 1283 (M.D. Fla. 2014) (implying that mere negligence would not constitute bad faith under section 1446(c) (citing Auto–Owners Ins. Co. v. Se. Floating Docks, Inc., 571 F.3d 1143, 1146 n.6 (11th Cir.2009))).

On its face, the fourth interrogatory did not state that its purpose was jurisdictional. Hartford simply requested the "identi[ty] [of] all of the former and current members of CMR CONSTRUCTION," including "each member's current primary residential address." (Doc. 1-5 at 7.) When conferring with CMR over its first motion to compel, Hartford represented that the fourth interrogatory was relevant only because CMR's members were "likely have information concerning the subject loss and instant action and will also likely lead HARTFORD to the identities of other witnesses with knowledge of the subject loss and the instant action." (Doc. 1-10 at 3.) It was not until the hearing on July 16, 2020—nearly a year after Harford first served CMR with interrogatories—that CMR was informed for the first time that the fourth interrogatory was intended to be jurisdictional discovery. And while CMR may have been repeatedly dilatory in responding to Hartford's discovery and serving its objections, the state court ultimately sustained CMR's objection to the fourth interrogatory as written (though Hartford had previously

8

offered to narrow the scope of the request by email). (Doc. 1-18 at 2; Doc. 1-19.)

Moreover, the Court finds that Hartford's pre-suit knowledge has some role to play—if only a minimal one—in the bad faith analysis. CMR is a frequent plaintiff in Hurricane Irma cases in this District, including at least one where Hartford was the defendant represented by the same attorneys here. As CMR notes in its motion for remand, Hartford's attorneys were able to remove to federal court in at least one case based on information in CMR's annual report, which listed Steven M. Soule as a managing member. (Doc. 7 at 4.) Of course, the Court is mindful that most jurisdictions do not consider pre-suit knowledge in determining when the initial 30-day removal period is triggered. See Bell v. ACE Ins. Co. of the Midwest, No. 2:20-CV-309-JLB-NPM, 2020 WL 5422832, at *2 (M.D. Fla. Sept. 10, 2020). Yet the Court is also aware that parties often rely on "additional evidence demonstrating that removal is proper," including "affidavits, discovery filings, or other correspondence between the parties." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 773–74 (11th Cir. 2010)).

Given the frequency with which CMR's cases are removed to this Court based on evidence outside of the notice of removal—including by Hartford—it is difficult to attribute CMR's actions to bad faith delay. At the very least, bad faith is a questionable explanation for what transpired in this case when one considers: (1) Hartford had removed such a case once before based on additional evidence; and (2) the text of the fourth interrogatory did not specify that the request was grounded in

9

discerning possible federal jurisdiction. When viewed from either a subjective or objective standpoint, these facts lead the Court to doubt whether Hartford pursued its rights as diligently as it could have, and whether the circumstances it faced were truly extraordinary. Hajdasz, 805 F. App'x at 890. Such doubts must be resolved in favor of remand. Univ. of S. Ala., 168 F.3d at 411.

## II. CMR's Request for Attorney's Fees and Costs

CMR requests an award of fees and costs under 28 U.S.C. § 1447(c). (Doc. 7 at 9.) Under section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Bauknight v. Monroe Cnty., 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting Martin v. Franklin Cap. Corp., 546 U.S. 132 (2005)). Given Hartford's more than colorable argument for why section 1446(c)(1)'s bad-faith exception applied, the Court does not conclude that Hartford lacked an objectively reasonable basis for seeking removal. Thus, CMR's request for attorney's fees and costs is denied.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Remand and for Attorney's Fees and Costs (Doc. 7) is **GRANTED IN PART** and **DENIED IN PART**.

10

2. This case is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida, Case No. 19-CA-004696. CMR's requests for fees and costs is **DENIED**.

3. The Clerk of Court is **DIRECTED** to transmit a copy of this Order to the Clerk of the Twentieth Judicial Circuit, terminate any pending deadlines and motions, and close the case.

**ORDERED** at Fort Myers, Florida, on June 25, 2021

*/s/ John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE